OPINION
Appellant Gerald Edinger appeals his conviction, in the Stark County Court of Common Pleas, of fleeing a police officer, in violation of R.C.2921.331. The relevant facts leading to this appeal are as follows. October 1, 1999, Officer Kevin Moore of the Alliance Police Department was on patrol in the vicinity of Garwood Street in Alliance. He observed a white Honda CRX with no front license plate, a cracked windshield, and damage to the front of the vehicle. Officer Moore noticed that the driver was a medium framed, white male. However, even though the vehicle was initially heading in the opposite direction of the officer, the side windows were tinted and prevented him from seeing anything further inside the vehicle. The officer made a u-turn, at which point the Honda sped up and ran a stop sign. A pursuit ensued, and the Honda turned onto Liberty Avenue and proceeded to run another stop sign at the intersection of Liberty and South Street. Officer Moore then activated his lights and siren, but the Honda continued down various city streets and nearly caused several collisions. The chase continued to Mahoning Avenue, onto which the Honda turned without heeding yet another stop sign. The speed of the chase reached over ninety-five mph on Mahoning. After reaching a rural area with increased curves and hills, Officer Moore called off the pursuit. However, during the chase, the officer was able to read the rear license number of the Honda. Following the chase, Officer Moore ran a registration check and determined that a 1988 Honda CRX was indeed titled in appellant's name. Approximately two or three days later, appellant sold his white 1988 Honda CRX to a salvage yard in Alliance. Approximately one month later, Officer John Jenkins walked through a bar in Alliance as part of his patrol. As Officer Jenkins walked through bar, appellant approached him and stated "watch out for little white cars." At appellant's request, the two walked outside, at which point appellant told Jenkins that he was the one driving the white Honda that the Alliance Police had chased, making particular reference to last part of the chase at Mahoning Road. When Officer Jenkins stated that he seen part of the video of the incident, appellant decided to terminate the conversation. However, before doing so, he stated that he had gotten rid of the Honda and his feeling that there was nothing the police could "do about it now." Tr. at 75. Officer Jenkins passed this information on to Officer Moore, who went to the aforesaid salvage yard and determined that the Honda therein was the same one involved in his chase. Officer Moore concluded his investigation and charged appellant with one count of fleeing or eluding, a felony of the fourth degree. The matter proceeded to jury trial. On April 20, 2000, the jury found appellant guilty of a violation of R.C. 2921.331, as charged in the indictment. On April 24, 2000, the trial judge sentenced appellant to incarceration for a determinate term of fourteen months. Appellant timely appealed and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS IN ALLOWING THE STATE TO PRESENT EVIDENCE OF APPELLANT'S CONFESSIONS PRIOR TO THE INTRODUCTION OF OTHER INDEPENDENT EVIDENCE SUFFICIENT TO PROVE THE CORPUS DELECTI OF A CRIME.
 II. THE IDENTITY OF THE APPELLANT WAS NOT SUFFICIENTLY ESTABLISHED BY THE EVIDENCE AND THEREFORE THE VERDICT FINDING APPELLANT GUILTY OF WILLFULLY FLEEING OR ELUDING A POLICE OFFICER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 I.
Appellant first argues that his conviction violated his right to due process because no corpus delicti had been established prior to the introduction of his barroom confession; i.e. the state at that point in the trial had not presented corroborating evidence of any criminal act having been committed. In support, appellant cites the leading case of State v. Miranda (1916), 94 Ohio St. 364, wherein the Supreme Court of Ohio at syllabus stated as follows: By the corpus delicti of a crime is meant the body or substance of the crime, included in which are usually two elements:
(1) the act;
(2) the criminal agency of the act.
It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the corpus delicti, before such confession is admissible * * *.
In order to make a defendant's confession admissible, the state need only produce some evidence of the material elements of the crime in question. State v. Edwards (1976), 49 Ohio St.2d 31, 35. However, "[c]onsidering the revolution in criminal law of the 1960's and the vast number of procedural safeguards protecting the due-process rights of criminal defendants, the corpus delicti rule is supported by few practical or social-policy considerations. This court sees little reason to apply the rule with a dogmatic vengeance." Id. at 36. Nonetheless, the line of cases cited by appellant generally pertain to a failure by the state to establish the corpus delecti at all. In the case sub judice, the state did put on evidence for the purpose of establishing the corpus delecti, albeit after Officer Jenkins testified as to appellant's confession. Additionally, our review indicates that defense counsel did not enter an objection to the order of the testimony on the record, therefore, we must analyze this issue under a plain error analysis. State v. Long (1978), 53 Ohio St.2d 91. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. D'Ambrosio (1993), 67 Ohio St.3d 185, 191; Long, at paragraph three of the syllabus. In the case of In re Gadison, (June 22, 1998), Stark App. No. 1997CA00429, unreported, we addressed a nearly identical procedural scenario in an appeal by a juvenile charged with the rape of a girl he had been babysitting. After discussing the corpus delecti rule in the context of the plain error doctrine, we concluded: Following the playing of the [taped] confession, the magistrate heard substantial evidence about the "act" and the "criminal agency of the act" through the testimony of [victim] Brittany's mother, Lynette Pridgen, and Brittany's treating physician, Brad McKenney, M.D. Appellant has not demonstrated the outcome of the trial would have been different if the confession would have been played after their testimony.
Id. at 3.
Similarly, in light of the subsequent evidence put on by the state, as further reviewed infra, most significantly that of Officer Moore, the officer involved in the high-speed chase, we are not persuaded that the trial's outcome would have been different had appellant's confession been introduced in later order. This case therefore does not present circumstances warranting an application of the plain error rule to appellant's cited error. Appellant's First Assignment of Error is overruled.
 II.
Appellant next claims the trial court's conviction was against the manifest weight of the evidence, and that insufficient proof of his identity was established. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717. Given our holding in the First Assignment of Error, we find that appellant's admission on his own initiative to a police officer, combined with the evidence of appellant owning a vehicle matching the description of the suspect vehicle, does not demonstrate insufficient proof of identity. The evidence strongly suggests this chase was not an everyday occurrence, and its duration and seriousness significantly diminish the likelihood that appellant's "bragging" pertained to some other unrelated incident. Although appellant presented alibi witnesses regarding his purported activities on the night of the chase, the testimony of the officers, the revelation by Joshua Maendel, the owner of a local salvage facility, that appellant subsequently sold him a Honda CRX matching the suspect vehicle, and witness Robin Roosa's recollection of further "bragging" by appellant after the incident, convinces us that the jury did not lose its way and create a manifest miscarriage of justice. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J. Gwin, P.J., and Farmer, J., concur.